UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KHAIMOV KHAIM,

Plaintiff,

v.

KELLEY V. REA,
DAVID GROOS,
RICHARD TRACHY,
HAIMOV MOSHE, and
MICHAEL GOLDSTEIN,

Defendants.

CIVIL NO. 00-1525 (RHK/JGL)

ORDER

Plaintiff, a prisoner of the State of Minnesota, commenced this action on June 23, 2000, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Section 1983." Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That application is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

FILED JUL 0 5 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time") (emphasis added). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average

monthly deposit during the preceding four-month period was $52.59, and that his average monthly balance during the same period was $116.54.[1] Because the average monthly balance amount is greater than the average monthly deposit amount, Plaintiff's initial partial filing fee in this case will be twenty percent (20%) of his average monthly balance -- i.e., $23.31, ($116.54 x 20% = $23.31). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2). <u>If Plaintiff does not pay his initial partial filing fee of $23.31 within twenty (20) days after the date of this order, it will be recommended that this action be dismissed for lack of prosecution</u>. Fed. R. Civ. P. 41(b).

Ordinarily, the Court will not "screen" a prisoner's complaint, as required by 28 U.S.C. § 1915A, until after the prisoner has paid the initial partial filing fee required by § 1915(b)(1). In this case, however, it is readily apparent that Plaintiff's complaint cannot survive the screening requirements of § 1915A, because it is virtually incomprehensible. Therefore, if Plaintiff wishes to continue to prosecute this action, he will have to not only pay the initial partial filing fee prescribed above, but he will also have to file an <u>entirely</u>

---

[1] Although the applicable statute requires prisoner IFP applicants to provide financial information for the <u>six</u>-month period preceding the filing of an action, it appears that Plaintiff in this case made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined, (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore be determined on the basis of the limited financial information provided with his IFP application.

new Amended Complaint. To survive the § 1915A initial screening process, Plaintiff's Amended Complaint will have to satisfy the following basic pleading requirements:

(1) Plaintiff's Amended Complaint must be an entirely new and complete pleading, which fully replaces his original complaint.

(2) Plaintiff must submit his Amended Complaint on the form prescribed for prisoner civil rights actions filed in this district, (i.e., the same form used for his original complaint).

(3) Plaintiff's new pleading must be clearly labeled "Amended Complaint."

(4) Plaintiff must make every reasonable effort to ensure that his Amended Complaint is easily readable.

(5) Plaintiff's allegations shall be stated in separate numbered paragraphs, as required by Fed. R. Civ. P. 10(b).

(6) Plaintiff shall use only the front side of each page of his pleading. (He may attach extra pages to the complaint form, if necessary.)

(7) Plaintiff's Amended Complaint shall include "a short and plain statement of the grounds upon which the court's jurisdiction depends," as required by Fed. R. Civ. P. 8(a).

(8) Plaintiff's Amended Complaint shall "[p]rovide a concise summary of the facts on which [his] claim is based[;] describ[ing] how each individual defendant is personally involved, including dates, places and specific wrongful acts or omissions of each defendant." (Complaint form; § IV.)

(9) Plaintiff's Amended Complaint shall clearly identify the constitutional or other legal basis for his claims against each named Defendant.

If Plaintiff chooses to file an Amended Complaint, he must do so within twenty (20) days after the date of this order. If he files an Amended Complaint that does not fully comply with all of the foregoing instructions, it shall be subject to summary dismissal, without further leave to amend, pursuant to 28 U.S.C. § 1915A. If he does not file an Amended Complaint within the time allowed by this order, it will be recommended that the action be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall (a) pay an initial partial filing fee of not less than $23.31, and (b) file an Amended Complaint that is fully consistent with the instructions listed above; and if he does not satisfy both of these requirements within the time allowed, it will be recommended that this action be summarily dismissed.

Dated: July 5, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge