UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAIM KHAIMOV

CIVIL NO. 00-1525 (RHK/JGL)

Plaintiff,

v.

ORDER

KELLEY V. REA,
DAVID GROOS,
RICHARD TRACHY,
HAIMOV MOSHE a/k/a
Michael Goldstein,

Defendants.

Plaintiff, a prisoner of the State of Minnesota, commenced this action on June 23, 2000, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Section 1983." Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated July 5, 2000, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). That order also required Plaintiff to file an Amended Complaint, because his original pleading was "virtually incomprehensible."

Plaintiff has now paid his initial partial filing fee, (Docket No. 4), and he has filed an Amended Complaint, (Docket No. 6). The matter is therefore properly before the Court for the purpose of determining whether Plaintiff should be granted IFP status, and whether he should be allowed to proceed in this case on the basis of his Amended Complaint.

FILED AUG 22 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

An IFP application will be denied and the action dismissed when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam). In addition, the Court must dismiss an action, on its own motion, where federal subject matter jurisdiction has not been established. Fed. R. Civ. P. 12(h)(3). In this case, the Court finds that Plaintiff should not be allowed to proceed on the basis of his current Amended Complaint, because it is deficient in two respects.

First, the Court finds that Plaintiff has not stated a cause of action on which relief can be granted, because he has not stated his claims in averments that are "simple, concise and direct," as required by Fed. R. Civ. P. 8(e)(1). Nor has he provided a "short and plain statement of [his] claim," as required by Fed. R. Civ. P. 8(a). The Amended Complaint is a rambling narrative that runs on for 109 pages. Neither the named Defendants nor the Court should be expected to sort out what Plaintiff is attempting to allege in this virtually incomprehensible chronicle. The pleading will be stricken, pursuant to Fed. R. Civ. P. 12(f), because it is largely redundant and immaterial.

Second, Plaintiff's Amended Complaint does not provide "a short and plain statement of the grounds upon which the court's jurisdiction depends," as required by Fed. R. Civ. P. 8(a). Moreover, the Court cannot independently identify any basis for exercising subject matter jurisdiction in this case. Plaintiff's claims do not appear to be based on any identifiable federal law, so there does not appear to be "federal question" jurisdiction under

28 U.S.C. § 1331.[1] Nor can jurisdiction be based on diversity of citizenship, (see 28 U.S.C. § 1332), because it appears that Plaintiff and Defendants (or at least some of them) are citizens of the same state -- namely Minnesota. Without a showing of federal subject matter jurisdiction, Plaintiff's Amended Complaint cannot be entertained in federal court.

Because of the fundamental defects found in Plaintiff's Amended Complaint, he cannot be granted IFP status on the basis of his current pleading. However, he will be given one final opportunity to attempt to state an actionable claim. If Plaintiff still believes that he can present a viable complaint that can properly be entertained in federal court, he must file a new pleading by no later than September 15, 2000.

If Plaintiff elects to file a new pleading, it must be clearly labeled "Second Amended Complaint." Plaintiff's Second Amended Complaint must comply with the pleading requirements prescribed at Fed. R. Civ. P. 8-11. This means, inter alia, that he must provide a clear and concise statement of the factual basis for his claims against each individual Defendant. It is neither necessary, nor appropriate, to lay out the evidence that might later be presented at a trial in this matter. Plaintiff is cautioned not to file another lengthy, repetitive, and convoluted pleading such as the one now before the Court. Plaintiff must also clearly identify the grounds on which federal subject matter jurisdiction depends.

---

[1] It does not appear that Plaintiff can maintain a civil rights action under 42 U.S.C. § 1983, because the Court has found no indication that Defendants are "state actors," or that they violated Plaintiff's federal constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, the plaintiff must allege that the defendant violated his constitutional rights while acting under color of state law).

If Plaintiff files a Second Amended Complaint within the time allowed by this order, the Court will review it, and then determine whether IFP status should be granted and whether the action should go forward. If Plaintiff does not file a new pleading within the time allowed, it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Finally, the Court notes that Plaintiff has failed to submit either marshal service forms, (Form USM-285), or any extra copies of his pleading. This defect must also be cured if Plaintiff will seek to have service of process accomplished by the U.S. Marshal Service in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2). See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). Plaintiff will have to submit one extra copy of his Second Amended Complaint, and one properly completed marshal service form (Form USM-285), for each Defendant to be served by the Marshal.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Amended Complaint, (Docket No. 6), is stricken, without prejudice, pursuant to Fed. R. Civ. P. 12(f); and

2. Plaintiff shall have until September 15, 2000, to file a new pleading that complies with the pleading requirements of Fed. R. Civ. P. 8-11, failing which it will be

---

[2] Marshal service forms are available from the Clerk of Court upon request.

recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: August 21, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge