UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAIM KHAIMOV,

Plaintiff,

v.

KELLEY V. REA, DAVID GROSS, RICHARD TRACHY and HAIMOV MOSHE, a/k/a Michael Goldstein,

Defendants.

Civil No. 00-1525 (RHK/JGL)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Oak Park Heights, Minnesota, commenced this action on June 23, 2000, by filing a "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He has since filed two amended pleadings in this matter. His Second Amended Complaint, (Docket No. 8), is presently before the Court for review pursuant to 28 U.S.C. § 1915A(a), and for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state any claim on which relief can be granted. It will therefore be recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff's original pleading in this matter was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court determined that Plaintiff could not be granted IFP status at the outset of this action, because (i) he had not tendered the initial partial filing fee required pursuant to 28 U.S.C. § 1915(b)(1), and (ii) his complaint was virtually incomprehensible. Those two defects were called to Plaintiff's

FILED SEP 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

attention by the Court's order of July 5, 2000. (Docket No. 3.) That order gave Plaintiff twenty days to cure those two defects by filing an amended complaint, and paying an initial partial filing fee of $23.31.

Thereafter, Plaintiff did pay his initial partial filing fee, and he did file an amended complaint. (Docket Nos. 4 and 6.) However, Plaintiff's amended complaint, which was 109 pages long, was no more comprehensible than his original pleading. Therefore, by order dated August 21, 2000, (Docket No. 7), the Court ordered that Plaintiff's first amended complaint be stricken pursuant to Fed. R. Civ. P. 12(f). Plaintiff was then given one final opportunity to submit a viable pleading, and on September 13, 2000, he filed the Second Amended Complaint that is now before the Court.

Unfortunately, Plaintiff still has not stated his claims in a clear and concise manner. His latest complaint rambles on for 41 pages, and is extremely difficult to decipher. As far as the Court can tell, Plaintiff is attempting to sue four Defendants -- his brother, an attorney that he (Plaintiff) retained, a public defender, and a prosecuting attorney. Plaintiff apparently is claiming that the four Defendants entered into, and then carried out, a conspiracy that culminated in Plaintiff's criminal conviction and the prison sentence that he is now serving.[1] In a vague and conclusory fashion, he accuses Defendants of conspiring to ensure his conviction through bribery, deceit, and threats of physical violence. He is seeking damages in the sum of $500,000, plus interest and "costs and disbursements."

## II. DISCUSSION

[1] Plaintiff was charged and convicted on two counts of first degree aggravated robbery and one count of first degree burglary. He is presently serving a 108-month prison sentence. State v. Khaimov, No. C4-97-2035 (Minn.App. 1998), rev. denied, Jan. 21, 1999, 1998 WL 747138 (unpublished opinion).

Because Plaintiff is a prisoner who is seeking redress from a governmental officer and/or employee of a governmental entity, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A.[2] That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every prisoner civil action brought against such governmental defendants "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted. Plaintiff's action is barred under the principles enunciated by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

---

[2] The Court finds § 1915A to be applicable here, because Defendant David Gross is being sued for acts that he allegedly performed while serving as an assistant city attorney for the City of Minneapolis. Furthermore, even if this action were not subject to the screening requirements of § 1915A, it would still be appropriate to conduct a preliminary assessment of Plaintiff's pleading pursuant to 28 U.S.C. § 1915(e), based on Plaintiff's application for IFP status.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In the instant case, it is readily apparent that a judgment for Plaintiff would necessarily imply the invalidity of his criminal conviction and the prison term he is serving. Indeed, that seems to be the very essence of Plaintiff's Second Amended Complaint -- he apparently is contending that his convictions and sentence were the direct result of an unlawful conspiracy by Defendants to deprive him of his constitutional rights. According to Heck, however, the validity of Plaintiff's convictions and sentence are matters that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- i.e., a state or federal post-conviction proceeding -- that his convictions and sentence were invalid.

In short, Plaintiff's present action is premature. He cannot maintain a civil action seeking damages (or any other relief) for unconstitutional acts that allegedly caused him

to be wrongly convicted and sentenced, without first securing an order specifically invalidating his convictions and sentence. He must successfully challenge his convictions in a state or federal habeas corpus action before he can recover damages (or any other relief) relating to those convictions. Because that pre-condition has not been met, Plaintiff has not stated a claim on which relief can be granted.[3] It will therefore be recommended that the present action be dismissed pursuant to 28 U.S.C. § 1915A, (and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). The action should be dismissed without prejudice, however, so that Plaintiff will be able to re-file his civil rights claims if his state criminal convictions and sentence are invalidated as a result of some future state or federal post-conviction proceeding.

Because Plaintiff's Second Amended Complaint fails to state a claim on which relief can be granted, his "Application To Proceed Without Prepayment of Fees," (Docket No. 2), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the statutory filing fee. 28 U.S.C. § 1915(b).[4] Because Plaintiff has failed to state any claim on which relief can be

---

[3] The Court notes that Plaintiff has already filed a habeas corpus petition in this district, seeking relief from his convictions and sentence pursuant to 28 U.S.C. § 2254. (Khaimov v. Crist, No. 00-732 (RHK/JGL)). That petition was recently dismissed without prejudice, because Plaintiff failed to exhaust his state court remedies. In light of that dismissal, it would not be appropriate to attempt to construe the Second Amended Complaint as a habeas corpus petition.

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for

granted, it will also be recommended that his motion for appointment of counsel, (Docket No. 9), be denied. Finally, for purposes of 28 U.S.C. § 1915(g), this action will be "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2) be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 9), be **DENIED**;

3. Plaintiff be required to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2);

4. The action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1); and

5. For purposes of 28 U.S.C. § 1915(g), this action be "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Dated: September 28, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

---

their filing fees the moment the prisoner brings a civil action or files an appeal").

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by OCT. 17, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.